Good morning, everybody. We have three cases on for this morning, and the first is In Re Community Bank of Northern Virginia, appellate number 17-3012. We're from Pellant. Your Honor. Good morning. Please report. My name is Stanley Stein and I represent the appellant. And I requested two minutes for rebuttal. Granted. I wanted to note one thing with regard to the brief of the appellee on page seven. There's a statement that Mr. Minogue, who was a principal in the Specter law firm, appeared at a conference on August 28, 2017, allegedly representing the plaintiffs. It's cited at 192 and 93A. The date is actually August 28, 2007. So the last time that the SSEM law firm appeared of record in this case prior to the filing of the motion to the court to take an ancillary jurisdiction was nine years prior to nine years prior to the settlement. Did either your client's firm or Mr. Carlson ever filed a notice with the court or the council pursuant to paragraph 13 of the separation agreement concerning the. I don't I don't believe that was ever filed. And it was up to Mr. Carlson under the paragraph to notify the court and opposing counsel. Actually, I thought that it had a joint. It was a joint. It was a joint letter that was supposed to be sent and apparently was not. I'm advised. But the district court based its decision basically to take ancillary jurisdiction on the fact that a specter did not appear in the arbitration and did nothing to provide. That's a good question. We don't think they should have because their claim, which is a referral fee claim, the contract between them and Mr. Carlson had absolutely no impact on what the arbitration panel was going to do. The arbitration panel had the direction to decide a high low. So they were to decide between 24 million and 70 million. It would be not it would be wrong to suggest that a referral fee paid to be paid to my client would have affected or made the arbitration panel pick the 70 million as opposed to the 24 million. So the amount of the award to the plaintiff's class was not affected. The arbitration panel then selected. Well, actually, it was because it would have only been a percentage of whatever the higher the low was. So it would have been affected. Right. Well, the fee to class counsel would have been affected, but not my client's referral fee. Whatever Mr. Carl Carlson was to get as a result of the award by the arbitrators, that was going to be determined by the arbitrators in accordance with whatever. And this is the interesting part. Whatever private agreement Mr. Carlson had entered into with the other plaintiff's counsel, which the arbitration panel simply accepted the arbitration panel nor the court. But the arbitration panel really didn't get involved at all in the agreement between SSCM and Mr. Carlson. Exactly, because there would have been no reason for them to do so. Carlson could hardly come in to the arbitrators and say, I'm entitled to more money out of this eight point four million dollars because I have to pay a referral fee to another lawyer. The other members of the class counsel would not have agreed with that and neither would neither would the arbitrators. You don't if you've made a deal with another person that doesn't get to increase the amount that the that is going to be taken out of the plaintiff's class. So, Mr. Stein, let me ask you this. First of all, you argue here that the district court did not have ancillary jurisdiction over this referral fee agreement. It's actually not a referral fee. It's a it's a fee that was owed to the old firm. Right. It's part of a fee agreement that you argue is is outside the class action settlement. But you tell me what the standard is. Tell me what you argue the standard is for us to make that determination as to whether or not there is or is not ancillary jurisdiction. Well, I think your your review is plenary whether or not there's ancillary jurisdiction. I think I understand that. But how do we determine how do we determine it's it's it's plenary. But how do we determine ancillary jurisdiction or not by whether or not the the issue before the court is within the terms of either the supplemental jurisdiction statute, which is 1367, which requires that the claims be so related to claims in the action within the original jurisdiction that they form part of the same case or controversy under Article three of the Constitution. So for supplemental jurisdiction, the requirement is that they have to be so related to claims in the action. They're not. And for the state, for a stay of court proceedings, the any injunction staying a state action has to be necessary. There's a doctrinally such a secondary. And you're citing to Section 1367, the supplemental jurisdictions statute. But does the common law doctrine of ancillary jurisdiction survive this supplement? Survive 1367? I don't I don't I don't think so. I think 1367 is a longstanding statute that doesn't permit of any wiggle room, so to speak, in interpreting what it means. And when it when it says so related to claims in the action within the original jurisdiction, I think that I think that that's what it means, that you have to look at the facts to see whether there are facts in the underlying case which are also relevant to to the case over which you are taking supplemental or ancillary jurisdiction. Because under the under the decision of the U.S. Supreme Court in 1994 in Kekkonen versus Guardian in talking about ancillary jurisdiction, there's a second prong that says that to enable the court to function successfully, that is to manage its proceedings, vindicate its authority or effectuate its decrees. Yes, I agree. And I wonder if under that section, this this would that would give the court jurisdiction over this question. I don't I don't believe that any of those issues are involved in this particular case. The court issued its decrees. It issued its orders. Its process was complete. And so to just take ancillary jurisdiction over a private contract action between two residents of Pennsylvania accomplishes none of those. None of those purposes that did not in any manner contribute to the jurisdiction integrity of the court. It did not in any manner affect the administration of the orders that the court entered. Those were all accomplished. The funds were distributed and the case was over. The case, in fact, was closed as of the date that the judge entered his final final settlement approval order and did not reopen again until something was filed from the arbitration panel in March of 2017. So I don't believe that the ancillary jurisdiction as referred to in Kekkonen has anything to do with what happened in this particular case, because to do to do what the judge did here did not affect any of those considerations. The case was over. Case was done. What about the anti injunction act? Well, that's the anti injunction act is uses the word where necessary in aid of its jurisdiction or to protect or effectuate its judgments. The anti injunction act. Again, the court has held the Supreme Court has held is to be narrowly, very narrowly construed. And where there is a question, if it's in doubt, then the state court action should be permitted to proceed. And so I don't I don't believe that the action of the district court in taking jurisdiction and issuing an injunction of the state court was in any manner necessary to its jurisdiction. Did the district court even address the anti injunction act in its opinion? Well, I think that in so many words in the district court's opinion, it says that the what he did was necessary to affect its. So my implication is because he because of the big history he provided in the opinion. Right. If if we should decide in your favor on ancillary jurisdiction, do we still have to deal with the anti injunction act because of the fact that there is an outstanding injunction? Or would that fade away immediately if we said there is no ancillary jurisdiction? I think as a matter of procedure, you would have to send the case back and order the district court to lift the injunction. Or I think you could lift it yourself. But we wouldn't have the analysis of the injunction act. You're saying if we lacked and there was no jurisdiction to take action. Yes, we wouldn't have to go through the anti injunction analysis. You had a comment in one of your briefs and it goes to the contract claim itself. I just wanted to ask you why why you folks said this. You said that if the contract were interpreted to have a condition precedent that hadn't been satisfied, it would provide quote Carlson with a powerful incentive to ensure the original settlement was not affirmed on appeal. Close quote. Why did you what what why do you reach that conclusion? Because because he was about to he was about to leave. We didn't know that. February of 2004. And he did leave in April, two months, two months later. So if he avoids having to pay any if he avoids having to pay anything out of the any fee that he might earn, if he loses the the appeal at that time, that that settlement is gone. That entry of of legal fees, which was eight point one million dollars at the time, is gone. He takes the case and he continues with the case without now any referral fee obligation. So potentially in years to his financial benefit to take the case without having an obligation to pay a referral fee. And I think that was our thinking in making that making that statement. Was it if let's assume that let's assume we held that the district court did have ancillary jurisdiction. Got to the question then of what, if anything, was owed to your client. Is the fact that there was so much work done on this case post separation. Over 12 years, does that make the fee that your clients claiming under the proportion that they're asking for unreasonable? No, it's it's it's a matter of contract. At that point, if the if the court had ancillary jurisdiction to decide the contract case between the parties, he he would be obligated to abide by by state law with regard to contracts. So the judge would have to look at the terms of the settlement, the agreement, and decide whether or not the claim meets the meets the contract obligation. What about the condition precedent? Well, that's there. There was no condition precedent because the court, the district court decided that there was a condition precedent before which Mr. Carlson had to pay money to the law firm. The condition precedent had nothing to do with the Carlson obligation. Carlson had no obligations under that. The condition. If the condition precedent is not met, Carlson doesn't get his money. It's Carlson who forfeits the money. Not us. Not SSCM Carlson. If the condition is not met, if the if the settlement is not approved, then Carlson doesn't get what the what the February 2004 agreement gave him. The separation agreement foisted on him all responsibilities concerning litigation. Well, except your principle means he gets no money for all that work. I don't know whether he gets no money. We don't we don't know what he got based upon the decision of the arbitrators, because the division of money among counsel was was kept secret. And that's the risk you take when you take one of these cases anyway. You don't know how they're going to turn out. That's why that's why I think in part there you use the percentage of recovery system because it is a risk. And so he accepted that risk. We accepted the risk of him being the person working on the case. Back on rebuttal. Thank you. Good morning. May it please the court. My name is Gary Lynch. I represent the appellee Bruce Carlson in this matter. I'd like to start off by talking about the ancillary jurisdiction of the district court below. As Judge Fisher mentioned, the Kekoning case in which Justice Scalia wrote the opinion. In that case, he paraphrased his understanding of the ancillary jurisdiction. I think, Judge Fisher, you quoted the longer section where he mentions there's two prongs to it. But then he ultimately paraphrases it and says ancillary jurisdiction is necessary to control matters which are essential to the conduct of federal court business. And how could the allocation of fees between two private parties after the court has ruled on the on the class essential to that court's business as it relates to this class action? Yes. So the answer to that question lies in Rule 23 and all the precedent that has developed around Rule 23, including precedent from this court in both the GM truck case and the sentence case where the court this court has said that under Rule 23, there's a mandatory obligation by the district court to have closed judicial scrutiny of fee arrangements and class action settlement. OK, let's talk about that then, as we understand the record in front of us, the fee award was it was granted. And then before the arbitrators, there was a private agreement among class counsel concerning the allocation of fees. It was not an issue presented to the arbitrators, the district court to decide. How can you now say that this is something a court should be concerned of when the parties, the lawyers privately decided to allocate that figure? Because we're talking we're not talking about looking at what the court actually did in its obligation to have closed judicial scrutiny. We're looking at the purview of the court for purposes of determining the parameters of ancillary jurisdiction. So whether the court delegated the ability to apportion the fees among the counsel that were litigating the case at that time, whether that 40 was delegated to the counsel themselves, whether it was delegated to the arbitrators, or whether the court wanted to oversee it directly, none of that matters. The point is the oversight that the court has under Rule 23 for all fee claims in a class action is absolute. But isn't that fee claims against the corpus of the recovery as opposed to fee claims between the attorneys? It's both, and there's authority to that effect. I think we have it cited in our brief. It's a necessary component that the court has to not only look at the total fee that's going to be paid. But the court here didn't ask to look at that, did it? And that doesn't matter, Your Honor. What matters, what we're talking about is jurisdiction. The court said I can approve the settlement. I can approve the amount of the attorney's fees. I don't have to look at the internal makeup of the division of those attorney's fees because fairness to the class, I can look at that. In fact, the amount of the attorney's fees would not be affected by the division between the attorneys, the breakup between the attorneys of those fees. So how, then, is the concern about the attorney's fees something which would in any way affect ancillary jurisdiction? Well, Your Honor, my answer to your question is that I disagree with the premise of it. The court absolutely has the ability and the obligation to look, when it chooses to, at the arrangements among counsel. But it didn't choose to. They do it all the time. Once again, we're not here to review that. We're trying to determine what is the court's jurisdiction. And I'm saying there's ancillary jurisdiction on all matters pertaining to fees in a class action, especially an MDL class action certified under Rule 23. But in this case, the final order even slashed out anything about fees. Right, because I think in that court order, the court was delegating it to the arbitration panel. That doesn't mean the court doesn't have the authority or the obligation under Rule 23 to oversee all of this. You knew, I mean, it's ironic in this case. I mean, you recognized that Mr. Carlson owed a fee to Specter because during the course of this case, you yourself actually contacted the representatives of the Specter firm to try to negotiate the fee. Right. So, I mean, you recognize an obligation. It seems odd to me, and I have trouble getting my arms around this, whether the court has jurisdiction or doesn't have jurisdiction. It seems odd to me that you recognize there's a fee. And I'm saying you plural, not you individually. But you argue before Judge Schwab they're entitled to a fee because of the condition preceded. It's contradictory. No, there was never any contradiction on our part, mine personally or the firm. I understand. There's no fee owed because the condition precedent was never met. That doesn't mean there can't be a dispute about fees. Let me take you back a step. Before there was a fee agreement from February or before there was a separation agreement from June, Mr. Carlson had an agreement with the firm that he would get a salary, he would get some benefits, and he'd get a percentage of cases he brought in. How do you ignore that agreement? Nobody's ignoring anything. We're here to say that the district court has the ultimate purview of all these issues under Rule 23. Well, then even if the district court had jurisdiction, how can you defend a decision that says that doesn't matter? Well, if you look at the agreement, and that's our argument. I'm talking about the initial agreement. You agree with Mr. Carlson when he joined the Specter firm, got a salary, and he got a percentage of future fees of cases he brought in. How do you ignore that agreement? We're not ignoring that agreement. We're looking at the literal terms of that agreement, and that agreement set forth essentially two categories of cases, cases that were resolved and cases that had to be litigated. Now, I think you're going to the separation agreement. You jumped to the separation agreement. I'm talking about the initial agreement in 2001. Well, the initial agreement also, as it relates to this fee, was premised upon as a condition precedent that the case was settled and it was on appeal and the appeal would be affirmed. That didn't happen. Once that reversal occurred. I'm not sure you're answering my question because you're jumping all the way to the June 2004 agreement, and I'm not talking about that. I'm not sure I understand your question. I'm talking about the fact that when Carlson joined the firm in 2001, right? Yes. He got a salary, and they agreed to pay him a percentage of anything he brought in. This is a case that falls within that agreement as I see it. He was entitled to a percentage of anything he got in. The converse of that means they were entitled to the other percentage on that particular case. Right, but none of this is static. Everything is fluid with this litigation. Everything is what? None of this is static, though. Are you trying to say that the February order, whatever the first 2004 agreement was, superseded the agreement that Judge Fischer is speaking of? No, I think it's right in conjunction. It's the same agreement. We understand completely that as an employee of Spectre he received benefits and that those were ultimately analyzed and dealt with between these two agreements that occurred in February and June of that year. The bottom line is there were about four or five complaints filed in this case, and then a settlement occurred. That's all that ever happened. It was settled. It was objected to. This court vacated that settlement. And ultimately this turned into a 14-year piece of litigation that I spent a good chunk of my personal career litigating, and there are several other attorneys that spent time litigating. The idea, just on a pure fairness ability. You may very well have, because in that same document I referred to, that email, you may very well have a claim against your partner, Mr. Carlson, for excess work that you put in, which may in the fees divvied up differently. But that's your problem. But the question I have here, I just don't see how the district court can leave this case if they have jurisdiction and say Spectre is not entitled to anything. Well, are we accepting the premise that the district court is the one that has to answer that question? I said only if. I said only if. I said assuming they do. Assuming they do, I can't see how you can walk out of there  So the district court's analysis is that the contract is valid, but the literal terms of the contract applying to this situation would mean that there was no fee interest by the Spectre firm after the vacated settlement in 2005. Simply because those agreements contemplate a whole category of cases that Mr. Carlson was performing work on, that the Spectre firm retained no fee interest in whatsoever because all the litigation was out in front in those cases. That's what this case became. Now, for the settled cases, they had fee splits worked out. This was one of the cases that they expected to be settled, and the settlement would be affirmed on appeal to this court. That turned out not to be the case. Where's the amount of money that was awarded in this case? $24 million went to the settlement administrator. Where's the rest of it? Has it been distributed, including the fee to counsel? Has it all been distributed? I think it was $8.4 million, and it's all been distributed. Okay, so the court has no control over these monies, correct? I'm not sure I understand the parameters of that question. Not holding any money. Not holding any money. No, there's no money in escrow anywhere or anything like that. So it has no control over any of the money. The money has been dispersed to private counsel. When was this dispersed? Last year, I think. Was it after the district court's order, which is on appeal before us? No. It was dispersed before that, I believe. Yes. Okay, so all the more reason. How does the court have jurisdiction over a fund that's no longer part of the case? Because everything the court could have and should have done back when the fee approval process was undergoing as part of the settlement approval process under Rule 23, it can do now. It's the same thing. You can't circumvent Rule 23 scrutiny that this court has insisted upon in district court. Well, even if we should believe that, what about the Anti-Injunction Act? Well, once you accept the court's ancillary jurisdiction, I think the Anti-Injunction Act question is itself. But how does it need the Anti-Injunction Act to preserve its jurisdiction? Because everything's been distributed. Everything's been distributed, but the court still has the purview of deciding these issues with regard to fee disagreements. But they're all done. What's that? They're all done. Well, we're all done except for – The attorney's fees are all done. We're all done except for the Specter Firm claims of fee interest. The part that the court needed to approve on the fees has been done. The court has no further role to play, no further authority to determine what those fees are going to be between the attorneys. So what you're saying, Your Honor, would lead – if that's the conclusion this court's going to go to, that would mean that in every case where there's a fee agreement among counsel in a class action, the parties have the ability to take purview that I'm talking about, which has been insisted on by this court on numerous occasions, and across the country in other appellate courts under Rule 23. We can circumvent that among ourselves by agreeing to just hold back and have private agreements and don't let the court get involved with it. But that's possible to do that. But that's exactly what happened here, though, because as I understand it, there was supposed to have been notice provided to the court and all counsel concerning the allocation agreement that was reached between Mr. Carlson and his former law firm. That was never given. Then when counsel gets in front of the arbitrator, they tell the arbitrator according to the arbitrator's opinion, we have a private agreement. You don't need to see it. We're going to divide it all up. So in two instances here, there was a desire not to have the court play a role in allocation of the attorney's fees. How do you get around that? So the only desire not to have the district court be involved in this issue is by the Specter firm. They sat for 14 years. Excuse me, counsel. Mr. Carlson did not submit a letter consistent with the agreement, the paragraph 13 separation agreement provision, that said give notice to court and counsel about this agreement. They didn't do that either, did they? I don't think that was ever done. But I think after this court vacated the first settlement in 2005, it was our position under the contract terms that this case now became a different case. It became a case under the other category of case. But that provision still needed to be litigated. That provision in paragraph 13 wasn't unique to this case, was it? No. No, it went to all the other cases that were referenced too, correct? Yes. So that provision still persisted to live on, correct? Yes. Okay. Let's talk back to a follow-up on what Judge Roth was asking about the Anti-Injunction Act. The Anti-Injunction Act, you only get around it by three exceptions. One is whether the federal statutes at issue communicate to the world this is uniquely a federal matter. We don't really have that here. I'm aware that the causes of action have fee shifting, but none of them say these are unique federal interests. The next one is necessary in aid of jurisdiction. At the time that this lawsuit was filed and then brought before the district court, all of its work had been done. The orders had been entered, and the money had been dispersed. So there was nothing that would interfere with the court's ability to fulfill its obligations concerning the case. Isn't that correct? That is not correct, Your Honor. Are you going to go back to tell me because the court is an ongoing fiduciary of the class, its obligations persist? Is that your answer? It's partly my answer, but my stronger answer is that the parties can't circumvent that fiduciary obligation by playing around with the timing of when things happen. You keep referring to the cases being done. The case is not done if there's somebody out there that has a claim for fees who purposely hid from the court's analysis of the fee issue until the court ultimately resolved the case. But the claim for fees is contained within the overall amount that the court awarded for attorneys' fees. They're not going to go back in court and say, open this all up. I didn't get my fee. You have to make a larger award. The claim for fees was from the determined pot that the court had approved. Right. It is that approval process that the court retains jurisdiction over and you cannot circumvent that approval process. But what does it retain jurisdiction over? Because it's decided all it needs to decide. If there was an issue that was withheld from it, and our argument is that there was. But that issue had no influence on the overall attorney's fee awarded. Absolutely it did. If a district court would hear that there's a $3 million. As an example, I'm picking numbers out of the air. There's a $3 million fee claim. And they said, well, let's see the list of all the counsel that worked on it. Well, Your Honor, here's the way it is. We're getting $500,000 and a firm is getting $2.5 million under an agreement that they don't have to do any work at all for the class. They're just going to get $2.5 million for it. A district court on behalf of the class would look askance at that agreement and potentially have the ability to set it aside. Why the hell didn't you present it to us when you were asking for attorney fee approval in the first place? It was up to the Specter firm to raise that issue. It's their fee claim. Our position under that agreement was that looking at the literal terms of it. I think we've reached an impasse. Let me ask you this more global question. Doesn't the interpretation you're asking for have a significant impact on the practice of law that you're involved with? I mean, it seems to me if you look at this record here and some of the other cases, that there are referral agreements all over the lot among plaintiff's attorneys for a piece of this, a piece of that, and they're memorialized in paper, and whenever the fee is allotted, you go back and you divvy up the proceeds among people who may have been helping you in that initial instance. I mean, isn't what you're asking for going to bring all these cases into district court and say that the district court in the future is going to have to resolve all those kind of contingent agreements by early originators of cases? The district court always gets involved in all those issues you just described, Your Honor, and it does so by one of two ways, either asking the parties to declare all of them, make them all public, make them all known to the court, and the court can opine on each one of them, or by delegating to lead counsel that it appoints the ability to decide those delegations. Exactly. That wasn't done here. That delegation doesn't include a specific itemization of every single deal that somebody out there may have had. It may or may not. That's up to the court. It may or may not. Yeah. But what my point on a global question is, isn't that going to end up by you saying, in order for you to get ancillary jurisdiction here, you're arguing that a district court in a class action like this has jurisdiction over all of these kind of deals? Absolutely, that's what I'm saying. Okay. All right, if that's what you're arguing. And I think Rule 23 and the president of this court supports that. I think the president of this court supports that argument. Thank you, counsel. Thank you. A few quick points. The arrangements in the class actions that were cited to this court in every case deals with a decision by the court to either allocate the damage award to the class or the legal fees for doing the work on the case. That's what Rule 23 deals with. That's what all of the cases deal with. There's not a single case that's been cited by either side that doesn't involve the decision by the court over one of those two issues. So it's not a referral fee that the district court has the obligation to review separately with a third party. It's whether or not the original fee allocation to the attorneys is proper under Rule 23 for the work that was done on the case. Yes, in the class action or in the statutory front case as well. So Rule 23 does not require the district judge to review whether or not a private agreement between Mr. Carlson and SEM had anything to do with the class action. When private agreements have been disregarded by the courts in all of these cases, where it has been disregarded is for the court to enable it to determine whether the money going to the class is fair and whether or not the money going to the attorneys for the work on that case adequately compensates them. All of the fees over the 14 years of work were taken into account in the arbitration proceeding because the arbitrators presumably used the lodestar method to check whether or not the percentage fee that it ordered, the 35 percent, was fair. And that's what they did. So Mr. Carlson got the credit or the benefit of whatever number of hours, the 6,000 or so hours, was spent. They attributed 61,000 hours to all of the class counsel for a total lodestar of 31 million. So all of that work was taken into account. And I resent that the SSEM firm stayed in hiding. We did not stay in hiding. We did not receive notice of the arbitration proceedings. There's nothing on the docket. Carlson doesn't say he gave us notice. We didn't have any opportunity to come before the arbitrators to tell the arbitrators about this. Carlson was there. He was the one who had the obligation to tell the arbitrators, not us. We were not in hiding. He was in hiding. He was before the arbitrators. He had the opportunity to tell the arbitrators if this fee should have in any way impacted the decision of the arbitrators with regard to a fee. He got credit for the fair fee that supposedly was generated from his work on the case. So basically what we would have would be decisions by a district court which evaluated the work of the lawyers on the case. The district court would come to a decision with regard to what was fair consideration, compensation for those counsel for work on the case. And then counsel would then basically throw a Hail Mary to the district court and say, look, I entered into a bad agreement with an attorney on a referral fee. Get me out of it. That's what will happen if a decision like this where the court is entitled to review a private referral or any other kind of contract between class counsel and somebody not involved in the case happens. I was awarded what was a fair fee. If I have to pay this referral fee now, my fee is not fair anymore. Help me. Thank you. Thank you both sides for a well briefed and well argued case. We'll take the matter under.